UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY

**CLEAR SPRING PROPERTY** )
**AND CASUALTY COMPANY**, )
                                                   )
         *Plaintiff*, )
                                                   )    Case No.
v. )
                                                   )
**ROBERT P. JACKSON III**, )
                                                 )
         *Defendant*. )
_____)

**PLAINTIFF CLEAR SPRING PROPERTY AND CASUALTY COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**

      COMES NOW the Plaintiff, CLEAR SPRING PROPERTY AND CASUALTY COMPANY, by and through its undersigned counsel, pursuant to 28 U.S.C. §2201 and Rule 9(h) of the Federal Rules of Civil Procedure, as well as the Local Rules of the United States District Court for the Middle District of Florida, and for its Complaint for Declaratory Judgment would respectfully state as follows:

**PARTIES, JURISDICTION, and VENUE**

      1.     This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201, *et seq*., in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

      2.     Venue lies within the Middle District of Florida, as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured named therein, the Defendant, ROBERT

P. JACKSON III (hereinafter "JACKSON"), alleged to be located at 7410 Manasota Key Road in Englewood, FL 34223.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has subject-matter jurisdiction pursuant to Title 28 of the United States Code, §1333.

4. Plaintiff, CLEAR SPRING PROPERTY AND CASUALTY COMPANY, (hereinafter "CLEAR SPRING") is a corporation organized and existing under the laws of the State of Texas, with its office and principal place of business located in the State of Illinois.

5. Upon information and belief, the Defendant, JACKSON, is a resident of the State of Florida.

## FACTUAL ALLEGATIONS

6. On or about October 8, 2021, JACKSON, via his agent, submitted to CLEAR SPRING an application for a policy of marine insurance on the vessel named *Ray Sea Lady*, a 2000 58' Bluewater with Cummins twin 450hp diesel engine, HIN BTL58026G001 (hereinafter "the Vessel") which was alleged to be owned by the said Defendant. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

7. A true and correct copy of the aforementioned Application, dated October 8, 2021, is attached hereto as Exhibit 1.

8. The Application states, in relevant part:

**2. Any misrepresentation in this application for insurance may render insurance coverage null and void from inception. Please therefore check to make sure that all questions have been fully answered and that all facts material to your insurance have been disclosed, if necessary by a supplement to the application.**

(Ex. 1, at 1) (emphasis in original).

9. On or about October 8, 2021, JACKSON, via his agent, also submitted to CLEAR SPRING a Letter of Survey Recommendations Compliance (hereinafter "the LOC") and survey of the Vessel performed Thomas Vandermaas (hereinafter "the Vandermaas Survey"). Such submissions were a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

10. True and correct copies of the aforementioned LOC, dated October 8, 2021, and the Vandermass Survey, dated August 24, 2021, are attached hereto as Exhibits 2 and 3, respectively.

11. The Vandermaas Survey indicated that the Vessel's fixed fire extinguishing system had last been tested in 2017, and recommended that routine maintenance be performed on the system. (Ex. 3, at 21, 24).

12. The LOC states, in relevant part,

> I certify, as owned of the above vessel, that all recommendations pertaining to the above vessel contained within the detailed survey submitted herein, have been complied with, other than those listed below, along with the date of expected completion…
> …
>
> **WARNING: Any misrepresentation in this letter of compliance may render insurance coverage null and void from inception.**

(Ex. 2) (emphasis in original).

13. The LOC represented that there were no outstanding survey recommendations. (*Id.*).

14. On the basis of and in reliance upon the material information disclosed in both the aforementioned Application and LOC (Ex.'s 1 and 2 attached hereto), the Plaintiff CLEAR SPRING in exchange for good and valuable consideration agreed to issue its Temporary Binder

No. CSRYP/206607 affording two hundred and ten thousand dollars ($210,000.00) in first-party property damage coverage for the Vessel against the risks detailed therein.

15. A true and correct copy of aforementioned Temporary Binder No. CSRYP/206607 (hereinafter "the Temporary Binder") is attached hereto as Exhibit 4.

16. Plaintiff issued the Temporary Binder on October 11, 2021, incepting on October 8, 2021, with an expiration date of November 10, 2021, pending the receipt of full operated details for the disclosed licensed captain. (*See* Ex. 4, at 2).

17. Thereafter on November 9, 2021, on the basis of and in reliance upon the material information disclosed in both the aforementioned Application and LOC (Ex.'s 1 and 2 attached hereto), and the full operators details for the disclosed licensed captain, the Plaintiff CLEAR SPRING in exchange for good and valuable consideration agreed to issue its Policy No. CSRYP/206607 affording two hundred and ten thousand dollars ($210,000.00) in first-party property damage coverage for the Vessel against the risks detailed therein.

18. A true and correct copy of aforementioned Policy No. CSRYP/206607 is attached hereto as Exhibit 5.

19. On or about September 28, 2022, during the period of coverage afforded under the Policy, the Vessel reportedly suffered damages after sinking at the dock as a result of Hurricane Ian (hereinafter "the Incident").

20. The Defendant made a claim against the Plaintiff under the terms of the Policy demanding payment for the damage suffered by the Vessel as a result of the Incident.

21. Upon receipt of the first notice of the September 28, 2022 incident described herein, CLEAR SPRING caused an investigation to be made into the facts and circumstances surrounding the Incident.

22. The said investigation established that the Vessel's fixed fire suppression system was expired at the time of the Incident.

23. The said investigation established that at least one of the Vessel's portable fire extinguishers in the fly-bridge was expired at the time of the Incident.

24. The said investigation established that the Defendant failed to complete all recommendations in the Vandermaas Survey.

25. The said investigation established that the Defendant failed to truthfully disclose the failure to complete all of the recommendations in the Vandermaas Survey.

26. Notwithstanding the facts established by CLEAR SPRING's said investigation, CLEAR SPRING elected to attempt to settle the Defendant's claim for the Incident on a without prejudice basis.

27. On February 9, 2023, CLEAR SPRING and the Defendant provisionally agreed via email to settle the claim at $185,000, on the condition that CLEAR SPRING's receive a signed release from the Defendant.

28. Thereafter on February 10, 2023, CLEAR SPRING provided a copy of a release to the Assured via email.

29. Despite numerous reminders from CLEAR SPRING over the following weeks and months, the Defendant never provided the signed release, responding only that more time was needed due to various reasons, including the Defendant's travel and health issues.

30. On or about August 8, 2023, while CLEAR SPRING was still awaiting a copy of the signed release from the Defendant, CLEAR SPRING was contacted by a claims adjuster with American Modern Insurance Group (hereinafter "AMIG"), who advised that the Defendant had a marine insurance policy with them on the very same Vessel with $274,000 in Hull coverage.

31. Prior to this, CLEAR SPRING was not aware that the Defendant had a policy of marine insurance on the Vessel with AMIG (hereinafter "the AMIG Policy").

32. Once it became apparent to CLEAER SPRING that the Defendant was attempting to collect insurance payments for the Incident under both its Policy No. CSRYP/206607 and under the AMIG Policy, CLEAR SPRING withdrew its offer to settle and withdrew the release.

## FIRST CAUSE OF ACTION
### (Material Misrepresentation as to the AMIG Policy)

33. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 32 as if set forth fully herein.

34. The Application states, in relevant part:

**2. Any misrepresentation in this application for insurance may render insurance coverage null and void from inception. Please therefore check to make sure that all questions have been fully answered and that all facts material to your insurance have been disclosed, if necessary by a supplement to the application.**

(Ex. 1, at 4) (emphasis in original).

35. Plaintiff's Policy No. CSRYP/206607 states, in pertinent part:

9. General Conditions & Warranties
…

c. This insuring agreement incorporates in full your application for insurance and together with any endorsements issued herein, constitutes the entire contract between us….
…

m. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

36. Plaintiff's Policy No. CSRYP/206607 states, in pertinent part:

11. Service Of Suit, Choice Of Law And Forum

> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

37. The Defendant breached the provisions of Policy No. CSRYP/206607 set forth above and the federal admiralty duty of *uberrimae fidei*, or utmost good faith, by failing to disclose facts which were material to the Plaintiff's decision to accept and/or to continue the risk of insuring the Vessel.

38. The Defendant misrepresented and/or failed to disclose the material fact that he had the AMIG Policy on the same Vessel.

39. Had the Defendant disclosed the material facts referenced herein, the Plaintiff would not have agreed to issue its Policy No. CSRYP/206607, or would have issued a policy with different terms, or would have charged a higher premium.

40. The Defendant's misrepresentation or failure to disclose material facts or circumstances constitutes a breach of the duties imposed upon the Defendant by the express terms of Policy No. CSRYP/206607 and under the applicable principles of federal maritime law.

41. The Defendant's breach renders Policy No. CSRYP/206607 void *ab initio*.

42. Notwithstanding the lack of any coverage under the Plaintiff's Policy No. CSRYP/206607, the Defendant has made demand upon the Plaintiff for payment an amount equal to the cost to repair the Vessel insured under the said terms of Policy No. CSRYP/206607.

43. As a result of the aforesaid lack of coverage under the terms of the Policy, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under Policy No. CSRYP/206607. Until such time as the Plaintiff is able to have its rights

and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations.

44. As a result of the Defendant's demand for payment under the terms of Policy No. CSRYP/206607, and as a result of the lack of any coverage for the Incident under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of Policy No. CSRYP/206607, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION
### (Failure to Cooperate with the Investigation)

45. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 32 as if set forth fully herein.

46. Plaintiff's Policy No. CSRYP/206607 states, in pertinent part:

10. Your Duties In the Event of a Loss
…

9. Cooperate with us in the investigation, defence or settlement of any loss and agree to be examined under oath if we so request.

47. Plaintiff's Policy No. CSRYP/206607 states, in pertinent part:

11. Service Of Suit, Choice Of Law And Forum

It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

48. By failing to cooperate with CLEAR SPRING's investigation of the Incident and disclose the existence of the AMIG Policy to CLEAR SPRING, the Defendant breached his obligations and/or his duties as set forth under the clear and unambiguous provisions of Policy No. CSRYP/206607.

49. CLEAR SPRING only learned of the AMIG Policy after being contacted by an AMIG adjuster in August 2023, nearly a year after the Incident.

50. Notwithstanding the said breach of his obligations and/or duties under Plaintiff's Policy No. CSRYP/206607, the Defendant has made demand upon the Plaintiff for payment an amount equal to the cost to repair the Vessel insured under the said terms of Policy No. CSRYP/206607.

51. As a result of the aforesaid breach and the resulting lack of coverage under the terms of the Policy, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under Policy No. CSRYP/206607. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations.

52. As a result of the Defendant's demand for payment under the terms of Policy No. CSRYP/206607, and as a result of the lack of any coverage for the Incident under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of Policy No. CSRYP/206607, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## THIRD CAUSE OF ACTION
### (Breach of the Fire Extinguisher Warranty)

53. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 32 as if set forth fully herein.

54. Plaintiff's Policy No. CSRYP/206607 states, in pertinent part:

9. General Conditions & Warranties
…

> k. If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained in good working order. This includes the weighing of tanks once a year, certification/tagging and recharging as necessary.
>
> …
>
> t. Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted,' the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from its inception.

55. Plaintiff's Policy No. CSRYP/206607 states, in pertinent part:

> 11. Service Of Suit, Choice Of Law And Forum
>
> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

56. At the time of the Incident, the Vessel's fixed fire suppression system and at least one of the Vessel's portable fire extinguishers on the fly-bridge were expired.

57. The Defendant's breach of Policy No. CSRYP/206607's Fire Extinguisher Warranty renders the said Policy void from its inception under federal admiralty law and the express terms of the Policy.

58. Notwithstanding the said breach of warranty under Plaintiff's Policy No. CSRYP/206607, the Defendant has made demand upon the Plaintiff for payment an amount equal to the cost to repair the Vessel insured under the said terms of Policy No. CSRYP/206607.

59. As a result of the aforesaid lack of coverage under the terms of the Policy, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under Policy No. CSRYP/206607. Until such time as the Plaintiff is able to have its rights

and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations.

60. As a result of the Defendant's demand for payment under the terms of Policy No. CSRYP/206607, and as a result of the lack of any coverage for the Incident under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of Policy No. CSRYP/206607, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**FOURTH CAUSE OF ACTION**
**(Breach of the LOC Warranty)**

61. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 32 as if set forth fully herein.

62. Plaintiff's Policy No. CSRYP/206607 states, in pertinent part:

9. General Conditions & Warranties
…

r. Unless we agree in writing to the contrary, if we request a survey of the Scheduled Vessel then it is warranted that such survey is in existence prior to the effective date of this insurance and a copy of the same must be received by us within 30 days of the effective date of this agreement. If the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any claim hereunder…
…

t. Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted,' the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from its inception.

63. Plaintiff's Policy No. CSRYP/206607 states, in pertinent part:

11. Service Of Suit, Choice Of Law And Forum

> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

64. At the time of the Incident, the Defendant had not completed all of the Vandermaas Survey recommendations, including, but not limited to, the recommendation to perform routine maintenance on the Vessel's fixed fire suppression system.

65. The Defendant's breach of Policy No. CSRYP/206607's LOC Warranty renders the said Policy void from its inception under federal admiralty law and the express terms of the Policy.

66. Notwithstanding the said breach of warranty under Plaintiff's Policy No. CSRYP/206607, the Defendant has made demand upon the Plaintiff for payment an amount equal to the cost to repair the Vessel insured under the said terms of Policy No. CSRYP/206607.

67. As a result of the aforesaid lack of coverage under the terms of the Policy, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under Policy No. CSRYP/206607. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations.

68. As a result of the Defendant's demand for payment under the terms of Policy No. CSRYP/206607, and as a result of the lack of any coverage for the Incident under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of Policy No. CSRYP/206607, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FIFTH CAUSE OF ACTION
## (Material Misrepresentation in the LOC)

69. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 32 as if set forth fully herein.

70. The LOC states, in relevant part:

I certify, as owned of the above vessel, that all recommendations pertaining to the above vessel contained within the detailed survey submitted herein, have been complied with, other than those listed below, along with the date of expected completion…
…

**WARNING: Any misrepresentation in this letter of compliance may render insurance coverage null and void from inception.**

(Ex. 2) (emphasis in original).

71. The LOC represented that there were no outstanding survey recommendations. (*Id.*)

72. Plaintiff's Policy No. CSRYP/206607 states, in pertinent part:

<u>9. General Conditions & Warranties</u>
…

m. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

73. Plaintiff's Policy No. CSRYP/206607 states, in pertinent part:

11. Service Of Suit, Choice Of Law And Forum

It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

74. CLEAR SPRING's investigation of the Incident established that, prior to the issuance of either Temporary Binder No. CSRYP/206607 or Policy No. CSRYP/206607, the

Defendant failed to truthfully disclose the failure to complete all of the Vandermaas Survey recommendations, including, but not limited to, the recommendation to perform routine maintenance on the Vessel's fixed fire suppression system.

75. The Defendant breached the provisions of Policy No. CSRYP/206607 set forth above and the federal admiralty duty of *uberrimae fidei*, or utmost good faith, by failing to disclose facts which were material to the Plaintiff's decision to accept and/or to continue the risk of insuring the Vessel.

76. The Defendant misrepresented and/or failed to disclose the material fact that he had not actually completed all of the Vandermaas Survey recommendations, including, but not limited to, the recommendation to perform routine maintenance on the Vessel's fixed fire suppression system.

77. Had the Defendant disclosed the material facts referenced herein, the Plaintiff would not have agreed to issue its Policy No. CSRYP/206607, or would have issued a policy with different terms, or would have charged a higher premium.

78. The Defendant's misrepresentation or failure to disclose material facts or circumstances constitutes a breach of the duties imposed upon the Defendant by the express terms of Policy No. CSRYP/206607 and under the applicable principles of federal maritime law.

79. The Defendant's breach renders Policy No. CSRYP/206607 void *ab initio*.

80. Notwithstanding the lack of any coverage under the Plaintiff's Policy No. CSRYP/206607, the Defendant has made demand upon the Plaintiff for payment an amount equal to the cost to repair the Vessel insured under the said terms of Policy No. CSRYP/206607.

81. As a result of the aforesaid lack of coverage under the terms of the Policy, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage

afforded under Policy No. CSRYP/206607. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations.

82. As a result of the Defendant's demand for payment under the terms of Policy No. CSRYP/206607, and as a result of the lack of any coverage for the Incident under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of Policy No. CSRYP/206607, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

A. Declaring that Plaintiff's Policy No. CSRYP/206607 does not afford coverage to the Defendant for the incident of September 28, 2022 in which the Vessel is alleged to have sustained damage;

B. Declaring that the Defendant's material misrepresentations and/or non-disclosures of fact material to the Plaintiff's acceptance or continuance of the risk renders Plaintiff's Policy No. CSRYP/206607 void *ab initio*;

C. Declaring that Plaintiff's Policy No. CSRYP/206607 is void from inception due to the Defendant's breach of the express warranties in the Policy;

D. Declaring that the relationship of insurer and insured does no exist between Plaintiff and Defendant JACKSON as regards the incident of September 28, 2022;

E. Any and all such further relief as the Court may deem prior and appropriate in the premises.

Dated:   October 4, 2023
            Fort Lauderdale, Florida

                                  Respectfully submitted,

                                  The Goldman Maritime Law Group
                                  *Attorneys for Plaintiff*
                                  401 East Las Olas Blvd.
                                  Suite 1400
                                  Fort Lauderdale, FL 33301
                                  T (954) 332-2448
                                  F (954) 832-0878

                          By:    /s/ Steven E. Goldman
                                   STEVEN E. GOLDMAN, ESQ.
                                   FLA. BAR NO. 345210

                          By:    /s/ Jacqueline L. Goldman
                                   JACQUELINE. GOLDMAN, ESQ.
                                   FLA. BAR NO. 1005573